The Honorable David C. Hale Representative, District 77 State Capitol Building, Room 105 Jefferson City, Missouri 65101
Dear Representative Hale:
This opinion is in response to your questions concerning Article III, Section 12, of the Missouri Constitution. The questions you pose can be summarized as follows:
 1. Does Article III, Section 12, of the Missouri Constitution prohibit a state representative from accepting student financial aid from a state university if no employment is required?
 2. Does Article III, Section 12, of the Missouri Constitution prohibit a state representative from accepting a graduate assistantship at a state university which graduate assistantship requires employment?
Article III, Section 12, of the Missouri Constitution provides:
 Section 12. Members of general assembly disqualified from holding other offices. No person holding any lucrative office or employment under the United States, this state or any municipality thereof shall hold the office of senator or representative. When any senator or representative accepts any office or employment under the United States, this state or any municipality thereof, his office shall thereby be vacated and he shall thereafter perform no duty and receive no salary as senator or representative. During the term for which he was elected no senator or representative shall accept any appointive office or employment under this state which is created or the emoluments of which are increased during such term. This section shall not apply to members of the organized militia, of the reserve corps and of school boards, and notaries public.
The first question posed is whether Article III, Section 12, prohibits a state representative from receiving student financial aid from a state university if no employment is required. Article III, Section 12, only prohibits members of the General Assembly from holding an office or being employed "under the United States, this state or any municipality thereof." Merely attending a state university in no way constitutes holding an office or being employed — assuming that the financial aid (i.e. a grant) to which you refer is based on scholarship or need and is no way contingent upon any type of employment with the university or the acceptance of any office. If these assumptions are correct, receiving student financial aid from a university and attending that university in no way constitutes employment or the holding of an office as contemplated by Article III, Section 12, of the Missouri Constitution. Therefore, Article III, Section 12, does not prohibit a state representative from accepting student financial aid from a state university if no employment is required.
In regard to your second question dealing with whether a state representative is prohibited by Article III, Section 12, from taking a graduate assistantship which requires employment, a similar question was considered in Missouri Attorney General Opinion No. 412, Grellner, 1966, a copy of which is enclosed. In that opinion it was concluded that "[s]ince employment with the state university is juridically and financially created and maintained by the state, we are of the opinion that teachers and other employees of the state university hold an `employmentunder . . . this state' within the meaning of Article III, Section 12, of the State Constitution." Id. at page 2. Since a graduate assistant would be an employee of the university, a state representative would be barred by Article III, Section 12, of the Missouri Constitution from holding that position.
CONCLUSION
It is the opinion of this office that Article III, Section 12, of the Missouri Constitution does not prohibit a state representative from accepting student financial aid from a state university if no employment is required, but such section prohibits a state representative from accepting a graduate assistantship which requires employment.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 412, Grellner, 1966